■ CARLOTTA C. CHAPIN, Respondent, v ALLAN M. CHAPIN, Appellant. [603 NYS2d 137] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 21, 1992, which construed an annual "cap" on annual equitable distribution payments under a divorce settlement to include only payments to be made by defendant to plaintiff out of current income, denied defendant's request that plaintiff account for child support payments, and awarded counsel fees to plaintiff in an amount to be determined after a hearing, unanimously affirmed, without costs.

We agree with the IAS Court that the 20% annual cap set forth in the stipulation and incorporated by reference into the divorce judgment does not apply to the assets that were designated for immediate distribution, since to count these assets toward the 20% cap, with the excess over 20% of defendant's income in the first year of the agreement carried forward to subsequent years, would deny effect to the part of the stipulation calling for a distributive award to be paid in five equal annual installments. Clearly, the parties never intended such a result, aware as they were of both the value of the property designated for immediate distribution and defendant's approximate annual income. We note that defendant did not previously suggest such an interpretation despite opportunities to do so (see, 188 AD2d 380). We have reviewed defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.